UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M‌ICHAEL P. T‌YLER,

        Plaintiff,

v.

MGM G‌RAND D‌ETROIT, LLC,

        Defendant.

_____/

Case No. 14-14261

S‌ENIOR U.S. D‌ISTRICT J‌UDGE
A‌RTHUR J. T‌ARNOW

U.S. M‌AGISTRATE J‌UDGE
M‌ONA K. M‌AJZOUB

**O‌RDER G‌RANTING D‌EFENDANT MGM G‌RAND D‌ETROIT LLC'S R‌ULE 12(C)
M‌OTION FOR J‌UDGMENT ON THE P‌LEADINGS [6]**

Plaintiff filed his Complaint in this action in state court on October 21, 2014. Defendant removed the action to this Court on November 5, 2014. On January 22, 2015, Defendant filed a Rule 12(c) Motion for Judgment on the Pleadings [6].[1] Plaintiff filed a Response [7] on February 3, 2015, and Defendant filed a Reply [8] on February 16, 2015. Plaintiff seeks to vacate an award issued in an arbitration

---

[1] Defendant styled the motion as a "Rule 12(c) Motion for Judgment on the Pleadings or, in the Alternative, Rule 56 Motion for Summary Judgment." The Court treats this motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), rather than a motion for summary judgment under Rule 56, because there are no matters outside of the pleadings for the Court to consider. *See* F‌ED. R. C‌IV. P. 12(d).

1

between Plaintiff's labor union, UAW Local 7777, and Defendant. The arbitrator held that Plaintiff's termination by Defendant did not violate Defendant's collective bargaining agreement with the union. Plaintiff claims that the arbitrator's misconduct, based in fraud and deceit, warrants vacating the award under Michigan Compiled Laws § 691.1703 and/or the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

Defendant argues that this action should be dismissed because Plaintiff does not have standing to challenge the arbitration award under Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which governs actions involving labor contract violations. "The general rule in LMRA actions is that an individual employee has no standing to file an action against her employer without also filing suit against her union for breach of the [collective bargaining agreement]." *Aloisi v. Lockhead Martin Energy Systems*, 321 F.3d 551, 556 (6th Cir. 2003). Here, Plaintiff concedes that he makes no such claim against his union.

Instead, Plaintiff contends that the LMRA does not govern this action because his Complaint does not allege a labor contract violation, but instead alleges a violation of the Federal Arbitration Act. Plaintiff's argument is misguided. Plaintiff challenges the arbitrator's ruling that his termination did not violate the collective bargaining agreement between his employer and his union.

2

Plaintiff's challenge is therefore within the scope of the LMRA. *See, e.g.*, *Aloisi*, 321 F.3d at 556 ("This court and other circuits have repeatedly held that claims involving rights created by a [collective bargaining agreement] are governed by the LMRA.").

Plaintiff additionally argues that he has standing to challenge the arbitration award because he has invoked the exceptions to Section 301 of the LMRA for fraud and deceit, and because his continued involvement in the arbitration process makes him a party to the arbitration. However, these arguments lack merit. An individual employee represented by a union in an arbitration is not a party to the arbitration. *See, e.g.*, *Aloisi*, 321 F.3d at 558. The exceptions allowed under Section 301 only afford these individual employees recourse in the event that the union does not provide fair representation. *See id.* Absent a claim against UAW Local 7777, Plaintiff lacks standing to seek to vacate the arbitration award.

Plaintiff's union has not sought to vacate the arbitration award. Plaintiff has not claimed that the union failed to provide adequate representation. For these reasons, Plaintiff lacks standing to seek vacatur. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings [6] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

3

**SO ORDERED**.

|  |  |
|---|---|
|  | s/Arthur J. Tarnow |
|  | Arthur J. Tarnow |
| Dated: July 2, 2015 | Senior United States District Judge |